Treat, Justice, delivered the opinion of the.court: (1) This iVas an action on the ease, instituted by Jones against John Frink, Martin O. Walker, and "Curran Walker. The declaration was against the defendants, as common carriers, alleging an undertaking on their part to transport certain goods belonging to the plaintiff, on the Illinois river, from Peru to Peoria, and averring an injury to the goods, by the sinking of the boat on which they were placed. All of the defendants were summoned, and Frink and Curran Walker appeared and pleaded the general issue. Martin O. Walker did not plead, nor does it appear from the record that his default was entered. The cause was submitted to a jury, who found for the plaintiff, and assessed his damages at $500. A motion was made for a new trial, which was denied, and judgment rendered against all of the defendants for the amount of the verdict. The only error relied on is, that the court erred in rendering judgment without first entering the default of Martin O. Walker, and having the damages assessed as to him. This action was on a joint undertaking by the defendants, and as no defence personal to any of them-was interposed, the plaintiff was entitled to recover against all of them or none. The judgment to oe rendered must be an unit, against all of the defendants, or for them.- Unless, therefore, Martin O. Walker was properly made a party to the judgment, it was erroneous, and must be reversed. , The proper practice in cases like the present, where part only of the defendants- have pleaded to the action, is to first enter the default of such as have omitted to plead, and when the issues made in the cause are submitted for trial, to direct the jury to assess the damages against those in default. In this way, the jury determine the whole case, as to all of the parties. If the verdict is for the defendants who made defence, the plaintiff is not entitled to judgment against the party defaulted, because there is no joint liability of the defendants established. Martin O. Walker, by his failure to plead, admitted the cause of action as against him, and the only other matters incumbent on the plaintiff to [*172] establish were that his co-defendants were liable with him on the contract, and the amount of damages occasioned by the failure to perform it. The jury have decided that there was a joint liability, and have ascertained the amount of damages the plaintiff was entitle to recover. If the jury had been instructed to assess the damages as to Martin O. Walker, the amount of their verdict must necessarily have been the same against all of the defendants. It is most probable that this was the course adopted, the record omitting to state it. If otherwise, it was at most an irregularity, and one that cannot in the slightest degree prejudice the rights of the defendants. They were all before the court; the one failing to plead had the full benefit of the defence made by his co-defendants, and their joint liability to respond to the plaintiff in damages, to the extent of the verdict, was fully established. Such being the case, we do not feel called on to reverse the judgment for a mere error in practice, and corn-pel the parties again to litigate matters which have been once fairly .and fully determined on the merits. The judgment of the circuit court is affirmed with costs. Judgment affirmed. The judgment in this cause was rendered at the last term of the court,